JARED C. BLACKMAN vs. EDWARD H. NEARING.

Under the statute of limitations, which provides, with regard to promissory notes, that no action shall be brought but within six years next after the right of action shall accrue, the day on which the note matures is to be excluded from the computation.

And it makes no difference that the note is payable at bank, and that a right of action accrues upon it at the close of banking hours on the day it matures.

As a general rule in all cases where a period of time is to be reckoned from a particular date or event, whether under a contract, will, or statute, or in legal proceedings, the day of such date or event is to be excluded from the computation.

Where however a different intent appears in a particular case, the intent is to prevail.

ASSUMPSIT on a promissory note; brought to the Court of Common Pleas of Fairfield County, and tried to the court, on the general issue, with notice of the statute of limitations, before *De Forest, J.*

The note was dated November 21st, 1867, was for the sum of $125, and was payable to the order of the plaintiff in three months after date at the Home National Bank of Meriden in this state, and was duly executed by the defendant. On the day it fell due, February 24th, 1868, it was duly presented for payment during banking hours at the bank at which it was payable, and payment refused. The action was brought on the 24th day of February, 1874. The defendant had made no part payment or admission of indebtedness. Upon these facts the court held that the note was not barred by the statute of limitations and rendered judgment for the plaintiff.

The defendant moved for a new trial for error in this ruling of the court.

*D. B. Booth,* in support of the motion.

1. The cause of action accrued on the 24th of February, 1868, at the close of banking hours. Story on Prom. Notes, § 225*a*; 2 Parsons on Notes & Bills, 462; Bigelow & Redf. Lead. Cases on Prom. Notes, 480, 496; Ross's Lead. Cases on Bills & Notes, 496; Byles on Bills, 131; Chitty on Bills, 225.

2. This principle of the law merchant distinguishes the

present case from the rule applicable to a similar note *not payable at bank.* In that case the suit could not have been brought until the next day, February 25th. Had this note not been payable at bank, the 24th day of February, 1874, would have been the last day under the statute of limitations. But *as it is payable at bank,* the right of action in law, (the fraction of a day not being counted,) accrued one day earlier, and it must therefore necessarily outlaw one day earlier, that is, on February 23d, 1874. *Soldiers' Voting Bill,* 45 N. Hamp., 612, 613.

*O. A. G. Todd,* contra.

FOSTER, J. The note on which this suit was brought matured and became payable at bank on the 24th of February, 1868. Service of the writ was made on the 24th of February, 1874. The defence is the statute of limitations.

Is that statute a bar?

If the day the note matured is included in the computation of time, six years had elapsed before action brought; if that day is excluded, the action is within six years.

Our statute which applies to contracts of this description is, "No action shall be brought," &c., "but within six years next after the right of action shall accrue."

This language is simple and free from ambiguity. Its plain, natural import we think is, to exclude from the computation the day on which the paper matures. "Six years next after the right of action shall accrue," must mean "after;" that is, the day on which the claim becomes demandable must be excluded, and the action must be brought within six years next after that day, or it is barred by the statute.

Numerous cases in which this question was involved have arisen and been decided in the courts of Great Britain, and those decisions, unfortunately, are directly contradictory to each other. An examination of them would be rather curious than useful, and would tend to perplex and embarrass, more than to aid us in our investigations. As long ago as 1777, in the case of *Pugh et ux.* v. *Duke of Leeds,* Cowp., 719, Lord

Mansfield, after reviewing many of the cases, said: "Now thus the cases stand down to the 14th of James; they are yes and no, and a medium between them." Some of the cases before and since that time stand on very thin and subtle distinctions, and some indeed recognize distinctions where no differences exist. The expression "from the date," has been held to include the day of the date; "from the day of the date," to exclude it; and then both expressions have been held to mean precisely the same thing, and both to exclude the day of the date. "From the making," has been held inclusive; "from the day of the making," exclusive. So it has been held that where time is to be computed from an act done, the day in which the act is done must be included, with the exception of bills of exchange.

Such a discrimination as this last recalls to mind what Cicero says as to the interpretation of omens in his time. "We regard thunder on the left as the happiest of omens for all things except for holding the comitia." (*Fulmen sinistrum auspicium optimum habemus ad omnes res præterquam ad comitia.*—Cic. de Div., book 2, ch. 35, sec. 74.) It might be difficult to determine whether the omen or the law had the more reasonable interpretation.

The same unfortunate want of uniformity of decision which we have thus noticed as existing in the courts of Great Britain, has prevailed in the courts of the different states of our Union.

The case of *Presbrey* v. *Williams*, 15 Mass., 193, was an action on a promissory note, and the defence was the statute of limitations. More than six years had elapsed from the date of the note, which was payable on demand, but a payment had been made and endorsed on the note, November 1st, 1811. The action was brought November 1st, 1817, and the court held the statute a bar. The language of their statute was similar to ours—six years next after the cause of action accrued.

Another statute of Massachusetts provided that "No executor or administrator shall be held to answer to any suit that shall be commenced against him in that capacity, unless the

same shall be commenced within the term of four years from the time of his accepting that trust." In the case of *Holden* v. *James*, 11 Mass., 400, the court, Jackson, J., says: "The defendant had accepted the trust of administrator on the 2d of December, 1806, and the four years limited by law expired on the 2d of December, 1810." And in the case of *Bigelow* v. *Wilson*, 1 Pick., 485, it was held that in computing the time allowed by statute for redeeming a right in equity, sold on execution, which must be "within one year next after the time of executing by the officer to the purchaser the deed thereof," the day on which the deed was executed should be excluded.

The precise question now before us was decided by the Supreme Court of New York in the case of *Cornell* v. *Moulton*, 3 Denio, 12. It was an action on a promissory note payable on demand. The note was dated February 14th, 1839, and the question was whether a suit commenced on the 14th of February, 1845, saved the operation of the statute of limitations. The court held that it did, though a like decision below was reversed because of the admission of illegal testimony. Chief Justice Bronson said: "Our cases all go to establish one uniform rule, whether the question arises upon the practice of the court, or the construction of a statute, and the rule is, to exclude the first day from the computation."

As we think the case before us is substantially settled by the decisions in our own state, we are not disposed to examine farther the decisions of other tribunals. The cases of *Avery* v. *Stewart*, 2 Conn., 69, *Sands* v. *Lyon*, 18 Conn., 18, and *Weeks* v. *Hull*, 19 Conn., 376, were all very fully considered, and bear more or less directly upon the question we are considering. As we concur fully in the views expressed in those cases, it is needless to repeat them.

It was suggested on the part of the defendant, that a note of the description of the one in suit, made payable at bank, became barred by statute one day earlier than if payable generally, because the right of action accrued one day earlier. In the case of *Osborn* v. *Moncure*, 3 Wend., 170, the action was on a promissory note, brought on the day it became due,

after demand of payment had been made and refused. The plaintiff was non-suited because the action had been prematurely brought. It is not expressly stated, but is perhaps fairly to be inferred, that no place of payment was specified in the note. And in a very recent case, *Salt Springs Nat. Bank* v. *Burton,* 58 N. York, 430, the Court of Appeals of that state held that a demand of payment, by the holder of a note, of the cashier of the bank where the note was made payable, after the close of the customary banking hours, payment being refused, was sufficient to charge the endorser. In that case the endorser had been ready to pay the note, and had sent the maker to the bank several times during the day to see if it was there, and to ascertain its amount. The note was not at the bank, nor was it presented for payment until an hour after bank hours.

The practice of commencing suits on notes payable at bank, on the third day of grace, after their dishonor, is no doubt well established, and we have no disposition to disturb it. But we are strongly opposed to adopting any rule, or giving any construction to the statute, which will fix different periods of limitation to contracts so nearly alike as notes of this character. Instead of making distinctions in cases so nearly identical, the effect of which must be to perplex and mislead, we think it far preferable to have one uniform rule, and make that applicable, generally, to all contracts and obligations of every description, wills, and other legal instruments, statutes, and all proceedings under them. The day of the date, and the day of the act from which a future time is to be ascertained, should be excluded. No rule however is to be enforced so sternly as to defeat the intent of the parties; that is always paramount to all other considerations, and is always to be carried into effect, if not contrary to law or public policy.

There is nothing erroneous in the judgment below.

In this opinion the other judges concurred.