## AUSTIN, NICHOLS AND COMPANY, INC. *vs.* NATHAN GILMAN.

Second Judicial District, Norwich, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

General Statutes, § 4749, provides, in substance, that no sale by a retailer of his entire stock of merchandise shall be valid against any creditor, until such retailer shall have caused to be recorded in the town clerk's office a written notice of his intention to make such sale "not less than fourteen days prior" thereto. *Held* that the general rule adopted in this State—of excluding the day upon or from which the required act was to be done—applied to the situation; and therefore that a notice filed on September 26th did not prevent an attachment of the merchandise by a creditor of the vendor on October 10th, the last day of the prescribed fourteen.

Unless settled practice, the intention of the parties, or the terms of a statute, have included the date or act of accrual in the computation of time, it is to be excluded. This is the rule established by modern authority, and is applicable to all kinds of instruments, to statutes, and to rules and orders of court.

When the last day of a period within which an act may be done falls on Sunday, the act, unless lawful on Sunday, may be performed upon the day following.

A creditor who has been prevented by fraud from attaching the property of his debtor, may recover from the wrongdoer such damages as he may have thereby sustained.

Argued October 16th—decided December 13th, 1923.

ACTION to recover damages for false representations alleged to have deterred the plaintiff from seasonably attaching a debtor's property theretofore conveyed in

bulk to the defendant, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error, judgment reversed and cause remanded with direction to enter judgment for plaintiff.*

*Henry H. Pettis* and *Charles L. Stewart,* for the appellant (plaintiff).

*Edmund W. Perkins,* for the appellee (defendant).

WHEELER, C. J.   The finding sets forth that the plaintiff sold goods to one Stern to the amount of $297.94, and when their agent went to Stern's place of business to collect the same he met the defendant, who made to him the fraudulent representations which are alleged in the complaint, and in reliance upon them the plaintiff refrained from placing an attachment upon the goods in this place of business as the goods of Stern, which were in value in excess of $300.   Whether the plaintiff lost anything in reliance upon these fraudulent representations, depends upon whether Stern owned the goods at this time or whether the defendant, Gilman, was the owner.   If Stern then owned the goods, the plaintiff's loss in consequence of its reliance upon these fraudulent representations is established; if the defendant, Gilman, then owned them, the plaintiff suffered no loss in consequence of these representations.   Gilman's title is complete, provided the bill of sale from Stern to him had been on record in the town clerk's office of Bozrah for fourteen days, pursuant to the provisions of § 4749 of the General Statutes, on October 10th, 1921, viz: "Any person who makes it his business to buy commodities and sell the same in small quantities for the purpose of making a profit, . . . shall, not less than fourteen nor

more than thirty days prior to such sale, . . . cause to be recorded in the town clerk's office in the town where such vendor conducts such business, a notice of his intention to make such sale, . . . which notice" shall be in the manner specified in the statute, and "signed by such person or in his name by his attorney. Any sale made in violation of any provision hereof shall be void as against any creditor."

"The manifest purpose of the Act in question is to protect creditors of retail dealers against a class of sales which are often fraudulent, and opportunities for making which are readily afforded by the nature of the retail business and the manner in which it is usually conducted." *Young* v. *Lemieux*, 79 Conn. 434, 441, 65 Atl. 436, 600; *Walp* v. *Mooar*, 76 Conn. 515, 521, 57 Atl. 277.

The bill of sale to Gilman was recorded September 26th, and the plaintiff was prevented from attaching the goods on October 10th. Whether the bill of sale was recorded fourteen days or not on October 10th, depends upon whether the day of record is to be excluded from the computation or not. In *Weeks* v. *Hull*, 19 Conn. 376, the question was whether the order limiting the presentation of claims passed on December 14th, had expired when a claim was presented on June 14th, following, June 13th being Sunday? We say: "We had supposed, that in this State at least, the case of *Sands* v. *Lyon*, 18 Conn. 18, following the case of *Avery* v. *Stewart*, 2 Conn. 69, had settled the true rule, that not only mercantile contracts such as bills of exchange, promissory notes, policies of insurance, &c., as well as wills and all other instruments, are so to be understood, as that the day of the date, or the day of the act from which a future time is to be ascertained, is to be excluded from the calculation; although there may be some earlier cases, elsewhere, suggesting a different one. . . . So also we are satis-

fied, that the modern cases, in this country, have adopted the same rule in the construction of statutes, and as governing all proceedings under them, as in cases like the one now before us; thus establishing uniformity, when diversity of computation was both unnecessary and perplexing; unless perhaps in some few instances, in which long usage may have been different." We applied this rule of computation to the statute of limitations with regard to promissory notes, *Blackman* v. *Nearing*, 43 Conn. 56; to the statutory provision for a dissolution of attachments made within sixty days next preceding the commencement of proceedings in insolvency, *Miner* v. *Goodyear India-Rubber Glove Mfg. Co.*, 62 Conn. 410, 26 Atl. 643; to a note payable within sixty days, *Avery* v. *Stewart*, 2 Conn. 69, 72; and to a devise payable within a year, *Sands* v. *Lyon*, 18 Conn. 18. Unless settled practice or established custom, or the intention of the parties, or the terms of a statute, have included in the computation the date or act of accrual, it is to be excluded from the computation. This is not only our established rule, but the rule established by modern authority, applicable to all kinds of instruments, to statutes, and to rules and orders of court. Note, 12 Amer. & Eng. Ann. Cas. p. 59; note, Amer. & Eng. Ann. Cas. 1914B, p. 1036; 38 Cyc. 317.

Excluding the day upon which the bill of sale was recorded, the fourteen day period expired on October 10th, 1921, the day upon which the plaintiff was prevented from making its attachment through defendant's fraudulent representations. If the defendant were correct in his contention that the day of accrual should be counted, the fourteen day period would not have expired on October 9th, for that day was Sunday, and under our rule the legal termination would have been on the following day, October 10th, and during that

entire day. "We have adopted the rule that where the last day of a period within which an act may be done, which may not be done on Sunday, falls upon such day, performance may be made on the following day." *Sommers* v. *Adelman,* 90 Conn. 713, 714, 99 Atl. 50; *Sands* v. *Lyon,* 18 Conn. 18; *Avery* v.*Stewart,* 2 Conn. 69, 72; note, Amer. & Eng. Ann. Cas. 1914B, p. 1036.

When we turn to the precise language of our statute we find that its language requires that both terminal days be excluded. Section 4749 provides that the bill of sale shall be recorded "not less than fourteen nor more than thirty days prior to such sale"; and to the clause that "any sale made in violation of any provision hereof shall be void as against any creditor," is added the proviso, "*provided,* this section shall not apply to any sale, . . . when the instrument by which such sale . . . was made has been filed for record at least fourteen days in the town clerk's office," etc. Provision for recording for "not less than fourteen days," coupled with the provision that it must be recorded for "at least fourteen days," evidences the intention of the framers of this statute that the period should be fourteen full or clear days. No other construction will give meaning to these words of the statute. "When so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded." *Gregg's Estate,* 213 Pa. St. 260, 264, 62 Atl. 856; *Robinson* v. *Foster,* 12 Iowa, 186, 190; *Queen* v. *Justices of Shropshire,* 8 Adol. & E. 173, 174; Endlich on Interpretation of Statutes (Ed. 1888) § 391; note, 49 L. R. A. 203.

There is error, the judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff for $297.94 with interest from October 10th, 1921.

In this opinion the other judges concurred.