## FINTON MORTON, ADMR.
vs.
## BERNARD WEST, ET AL.

Superior Court    New Haven County    File #11530
(At Waterbury)

Present:   Hon. FREDERICK M. PEASLEY, Judge.

Martin L. Caine,               Attorney for the Plaintiff.

Woodhouse & Scofield,
D. L. O'Neill,                 Attorneys for the Defendants.

### MEMORANDUM FILED JANUARY 23, 1936.

PEASLEY, J.   This is an action for recovery, under the statute, for the death of the plaintiff's decedent as a result of the defendant's negligence.   The acts complained of are alleged to have occurred on August 25, 1934 and the writ in this action is dated August 26, 1935.   The reason alleged in support of the demurrer is that the action was not commenced within the year limited by the statute.

The plaintiff relies upon **Blackman vs. Nearing, 43 Conn. 56** and **Austin Nichols & Co., Inc. vs. Gilman, 100 Conn. 81** to exclude, in determining the last day upon which an action could be started, the day on which the acts complained of were committed.   By doing this, which is entirely proper, the last day of the time limited by statute fell upon August 25, 1935, which was Sunday.   Again relying upon **Austin Nichols & Co., Inc. vs. Gilman, supra,** the plaintiff claimed that he had all of the following day—August 26th, the day on which the writ was served to bring his action.   But it was there held that when the last day of a period within which an act may be done (in the instant case the commencement of a civil action) falls on Sunday, the act, unless lawful on Sunday, may be performed on the following day.   But under our statute it

was not unlawful on Sunday, either before sunrise in the morning, or after sunset at night, to serve the writ.

The plaintiff further claims that even if it were permissible to serve the process on Sunday, the fact that administration was not taken out 'till Monday, August 26, 1935 excused him from bringing his action within the year limited by the statute. But in **Radesky, et al., Admrs. vs. Sargent & Co., 77 Conn. 110,** it was held that the fact that no administrator upon the estate of the decedent was appointed until after the time prescribed for suit had expired does not extend the statutory period, nor validate a suit thereafter begun.

With these defenses of the plaintiff against this defendant's demurrer thus disposed of, the action of this Court on the demurrer is governed by **DeMartino, Admrx. vs. Siemon,** which held that it must be alleged in the complaint that the injury which resulted in death occurred within one year next before the commencement of the action.

The demurrer is therefore sustained.