[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an Ethics Commission decision determining that the plaintiff violated the Ethics Code in failing to disclose certain financial interests while a member of the Board of Directors of the Connecticut Resources Recovery Authority.
On May 20, 1987, a State Ethics Commission attorney filed an amended complaint with the Commission alleging that the plaintiff, Milton Levine, had failed to disclose his financial interest in Blue Hills Landfill, Inc. while a member of the Connecticut Resources Recovery Authority (hereinafter CRRA) thus violating the Code of Ethics for Public Officials and State Employees, Chapter 10, Part 1, General Statutes. (R-R Exh. B). A probable cause hearing was held June 1, 1987 by the Ethics Commission. On September 14, 1987 a public hearing was held (R-R Exh. G) and on September 16, 1987 the Commission mailed a copy of its decision that the plaintiff be fined $200 for two violations of the Code of Ethics. (R-R Exh. G).
The plaintiff sent a petition appealing the decision to the Commission and the attorney general, on October 9, 1987. The petition was addressed to the Superior Court, Judicial District of Hartford/New Britain at Hartford, but lacked a citation. On October 26, 1987, plaintiff had served upon the Commission and the attorney general, by a constable, the petition and a citation.
On January 27, 1988 the court (Satter, J.) in CT Page 955 Levine v. State of Connecticut Ethics Commission, 3 CSCR 251
(1988) denied the defendant's motion to dismiss on the grounds that the plaintiff's mistake in failing to include a citation was a circumstantial defect within the meaning of Conn. Gen. Stats. 52-123 and was quickly corrected with no prejudice to the defendant. On July 6. 1988 the court (Satter, J.) denied the defendant's motion for summary judgment stating: "A motion for summary judgment is not available in an administrative appeal. Conn. Practice Book 379. Insofar as the defendant raises jurisdictional issues, they were properly decided in the memorandum of decision of this court denying defendant's motion to dismiss."
This court does not find the rulings of Satter, J. to be erroneous and considers the same to be the law of this case.
 A judge should hesitate to change his own rulings on a case and should be even more reluctant to overrule those of another judge. (citation omitted). Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge.
Breen v. Phelps, 186 Conn. 86, 99-100 (1982).
Appellate review of an agency's decision is of limited scope. Kaeser v. Conservation Commission, 20 Conn. App. 309,311 (1989). The court is limited to reviewing the evidence and reasoning in the record. Id. The court must determine if there is sufficient evidence to support the agency's decision. Feinson v. Conservation Commission,180 Conn. 421, 425 (1980). If any one of the reasons given by the agency is supported by the evidence in the record, the agency's decision must be sustained. Huck,203 Conn. at 539-40. In order to support any of the reasons provided in the record, the evidence must be substantial. Id. at 540. The possibility that two inconsistent conclusions may be drawn from the evidence does not prevent any agency's decision from being supported by substantial evidence. Id. at 541. The credibility of witnesses and determination of issues of fact are matters within the province of the agency. Feinson, 180 Conn. 425.
The record indicates that the Ethics Commission made findings that the plaintiff committed two violations of the Code of Ethics by failing to include Blue Hills Landfill, Inc. in (1) his statement of financial interests for 1983 and (2) 1984 and 1985 (through March 25, 1985), for which violations the plaintiff was fined $100 each. (R-R Exh. F). CT Page 956 The Commission further found that while the plaintiff did not intend to conceal his association with Blue Hills Landfill, Inc., he exercised poor judgment in failing to seek advice from his attorneys on the Ethics Commission as to how to file a complete and accurate statement of financial interests. The Commission also found that there was no evidence submitted during the public hearing which would impugn the plaintiff's character or integrity. (R-R Exh. F).
The plaintiff argues that the Commission's finding was arbitrary, capricious and contrary to law, and not supported by the evidence; the statute relied on by the Commission to support its actions is ambiguous, vague and over broad; and the Commission's proceedings and findings violated the plaintiff's State and Federal constitutional rights to due process of law.
Specifically, the plaintiff argues that he was not a public official or state employee for purpose of the requirement of filing of financial statements pursuant to Conn. Gen. Stats. 83 prior to its amendment in 1983. The plaintiff argues that his role as board member of the CRRA did not fit within the definitions of public official or state employee as defined in Conn. Gen. Stats. 179(j) and (k) but rather the plaintiff was a quasi-public employee. The plaintiff further maintains that because section 1-83 was amended to include . . board members of the CRRA in 1983, the legislature deliberately excluded board members from section1-83 prior to the amendment. In support, the plaintiff attached to its memorandum a document entitled State Ethics Commission Advisory Opinion No. 79-12, 40 Conn. L.J. No. 47 p. 14 (May 22, 1979), "Status of the Connecticut Resources Recovery Authority." This document states that the CRRA "members are not subject to the Code of Ethics for public officials, including the financial disclosure provisions." Id. at p. 3.
In addition, the plaintiff argues that Blue Hills Landfill, Inc. was not a business for purposes of Conn. Gen. Stats. 1-83 and therefore the plaintiff was not required to file financial statements regarding it. The plaintiff maintains that Blue Hills Landfill, Inc. has never had offices, permits, employees, or assets but owns only an option to purchase land conditioned on obtaining bulky waste disposal are licenses. Furthermore, the plaintiff argues that section 1-79
defines "business with which he is associated" in section 1-83
as "any sole proprietorship, partnership, firm, corporation, trust or other entity through which business for profit or not for profit is conducted. . . . " CT Page 957
"[A] clarifying act, which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act." State v. Blasko, 202 Conn. 541, 557 (1987). "[I]f the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act. . . . Where an amendment is intended to clarify the original intent of an earlier statute, it necessarily has retroactive effect." State v. Magnano, 204 Conn. 259, 284 (1987).
Conn. Gen. Stats. 183(a) and (b)(1)(A) (rev'd to 1989) states:
 Sec. 1-83. Statements of financial interests. Filing requirements. (a) All state-wide elected officers, members of the general assembly, department heads and their deputies, members of the gaming policy board, the executive director of the division of special revenue within the department of revenue services, members or directors of each quasi-public agency, sheriffs and deputy sheriffs and such members of the executive department and such employees of quasi-public agencies as the governor shall require, shall file, under penalty of false statement, a statement of financial interests for the preceding calendar year with the commission on or before the May first next in any year in which he holds such a position. Any such individual who leaves his office or position shall file a statement of financial interests covering that portion of the year during which he held his office or position. The commission shall notify such individuals of the requirements of this subsection within thirty days after their departure from such office or position. Such individuals shall file such statement within sixty days after receipt of the notification.
 (b)(1) The statement, except as provided in subdivision (3) of this subsection, shall include the following information for the preceding calendar year in regard to the individual required to file the statement and his spouse and dependent children residing in the individual's household: (A) The names of all businesses with which associated.
In 1983, the statute was amended to apply to board members of the CRRA and in 1988 the statute was amended to include members of all quasi-public agencies. Therefore, the amendment must be considered a clarifying act that is the legislative CT Page 958 declaration of the original act. Accordingly, the Ethics Commission correctly decided that the plaintiff was required to file financial statements in 1983 and 1984 under the requirements of section 1-83.
The record contains the following: plaintiffs application for permits from the Bloomfield Zoning Board of Appeals in 1981, 1983 and 1985 for landfills on Blue Hills Landfill, Inc. optioned land; and application with the Department of Environmental Protection for a private bulky waste disposal area by Blue Hills Landfill, Inc.; an application with the Department of Environmental Protection for a discharge permit by Blue Hills Landfill, Inc.; Operation, Management and Engineering Plans compiled by F. A. Hesketh and Associates, Inc. for Blue Hills Landfill, Inc. for 1983, 1984 and 1985; and a copy of a real estate purchase agreement between Richard Mataua and the plaintiff and Blue Hills Landfill, Inc. The record contains substantial evidence to support the Ethics Commission's conclusion that Blue Hills Landfill, Inc. was a business with which the plaintiff was associated for the purpose of section 1-83. Moreover, the nature of Blue Hills Landfill, Inc.'s business is closely akin to the subject matter of the CRRA decision-making duties. The plaintiff's position on the Board of the CRRA also supports the Ethics Commission conclusion.
CONCLUSION
The court's previous determination that the appeal was timely was not clearly erroneous, and this court has jurisdiction to hear this appeal. There is substantial evidence to support the Ethics Commission conclusion that the plaintiff failed to disclose financial statements required under Conn. Gen. Stats. 1-83.
The appeal is dismissed.
O'CONNOR, J.