[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action is an application by the plaintiffs to discharge a mechanic's lien that was placed against their home by the defendant. Pursuant to General Statutes Section 49-35b the burdens of proof at the hearing are allocated in the following manner: the defendant is first required to establish that there is probable cause to sustain the validity of the lien, if probable cause is established, the plaintiffs are required to show by clear and convincing evidence that the lien is invalid or that it is excessive and should be reduced.
From the evidence produced at the hearing, the court finds the facts set forth below.
The plaintiffs have been and presently are the owners of their home at 94 Bouley Avenue, Waterbury. On June 21, 1990, Salvatore Feola, Jr. signed a written contract for renovations and improvements at the plaintiffs' home with Warren Builders 
Developers, Inc. of 92 Bridge Street, Naugatuck. The other signatory to the contract was James Warren, Jr., the president of Warran Builders Developers. According to the contract, an existing one-car garage was to by converted into a family room, a new two-car garage was to by constructed and a deck was to by built for the swimming pool. Apparently as an extra, a shed was to be erected. The stated contract price was $33,000.00 of which payments ward to be made on the following schedule: $3,000.00 as a deposit; $10,000.00 at the start of the work, $15,000.00 on framing of the construction; $5,000.00 when the work is completed.
The contract, however, did not contain any notice of the owner's cancellation rights. Nor did the contract provide for any starting and completion dates.
When the contract was executed and subsequently during the CT Page 7298 progress of the work, Warren Builders Developers, Inc. had no workman although this fact was not made known to Salvatore Feola, Jr. Some arrangement appears to have existed whereby Warren Builders Developers, Inc. hired the defendant Capitol Contractors, Inc., also of 92 Bridge Street, Naugatuck to construct the deck and shad, to do the rough framing and hanging of the sheetrock and to do other work for the sum of $10,000.00. In addition to owning 90% of the stock of Warren Builders 
Developers, Inc., James Warren, Jr. is a 50% shareholder and the vice-president of Capitol Contractors, Inc. The owner of the other 50% of the shares of Capitol Contractors, Inc. is Alan Cantor.
Salvatore Feola, Jr. knew only that Alan Cantor and his company, Capitol Contractors, Inc. had been hired to construct the deck and shed. Feola believed, from representations made by James Warren, Jr., that other workmen at the site including Warren's father ware employed by Warren Builders Developers, Inc.
The lien was filed and notice of it was given on or about February 15, 1991. To show the existing of probable cause for the lien and that the filing and notice thereof were timely, the defendant, Capitol Contractors, Inc. called James Warran, Jr. as its only witness and produced four invoices. The first invoice, entitled "statement" was from Expert Electric, Inc., dated October 23, 1990, addressed to "Capitol Cont." for "Finish for Feola, Salvatora" in the amount of $1,035.00 and contains the words "Finish Work Bill." The second invoice was from Alpha Distributors, dated September 6, 1990, addressed to Capitol Contractors, Inc. for the amount of $63.93. The third invoice was from Bushka Lumber Co., Inc. dated October 4, 1990, addressed to Capital (sic) Contractors in the amount of $51.32. The fourth invoice entitled "Proposal" was addressed to "Capital, Inc." by John LaTarte for taping to be done on "Bouley St." for $250.00. The proposal shows acceptance by Alan Cantor on October 9, 1990 with October 9, 1990 as the starting date for the work.
James Warren, Jr. related the four invoices to the work performed as follows: The invoice from Expert Electric was for work yet to be done; the invoice from Alpha Distributors was for siding material delivered on September 6, 1990 at which time the building had been framed and roofed and possibly the windows and doors were installed; the invoice from Bushka Lumber was for insulation which would have been in place before the sheetrock was put in; the invoice from John LaTarte showed that the sheetrock was completely installed before October 9, 1990. Warren claimed that he worked on the Faola job until he was fired in December, 1990 when the work was 95% completed. He stated that a written contract existed between Warren Builders Developers, Inc. and Capitol Contractors, Inc. but the contract was never produced. CT Page 7299
To contradict Warren, the plaintiffs called Mark Smolley as a witness. Smolley inspected the promises in October, 1990 and returned to do work on the interior including retaping in December, 1990. To Smollay's observation, no work was being done when he viewed the residence in October and the situation was unchanged when he began his work in December. Smolley's work lasted one and one-half to two weeks. He finished on December 20, 1990 and his bill in the amount of $1,320.00 was paid on that data.
No testimony ever came forth as to the amount of the filed lien. James Warren, Jr., however, testified that Salvatore Feola, Jr. owed $4,000.00 to Capitol Contractors, Inc. and $1,000.00 to Warren Builders Developers, Inc. Salvatore Faola, Jr. stated that he made his last payment on October 16, 1990. In view of the defendant's claim for $4,000.00, an assumption is warranted that Faola's payment was $15,000.00 as that amount is the sum provided by the contract to be paid when the framing was completed. Warren admitted that Feola's dissatisfaction with the taping was justified and that he had agreed to make some adjustments.
In view of the recounted circumstances of the case, some further findings of fact become necessary. The further findings appear in subsequent sections of this memorandum.
 I.
The requirement of probable cause to sustain the validity of the lien that is imposed upon mechanics lienors by General Statutes Section 49-35b is not as demanding as proof by a fair preponderance of the evidence. Newtown Associates v. Northeast Structures, Inc., 15 Conn. App. 633, 636 (1988)." The legal idea of probable cause is a bonafide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary prudence and judgment, under the circumstances in entertaining it." Ledgebrook Condominium Ass'n. , Inc. v. Lusk Corporation, 172 Conn. 577, 584 (1977) citing Wall v. Toomey,52 Conn. 35, 36 (1984).
One fact, however, that is necessary for the validity of a mechanic's lien is that it must be filed within 90 days after the lienor ceases to furnish materials or perform services. General Statutes Section 49-34. From the evidence submitted, the timely filing of the lien was not established even by the relatively low standard of probable cause. The testimony of James Warren, Jr. demonstrated that work occurring from the invoices submitted to Capitol contractors by Alpha Distributors, Bushka Lumber and John LeTarte had all been completed wall before ninety days preceding the filing of the lien. Granted, Warren did say that the invoice CT Page 7300 from Expert Electric was for work to be done. But the reasonable inference from this bill is that it was rendered upon completion of services. Not only does the bill, dated October 23, 1990, describe its subject as "Finish for Feola, Salvatore," it also states "Please detach and return upper portion with your remittance." Inferences from presented facts have a role in probable cause determinations. State v. Barton, 219 Conn. 523,544 (1991); State v. Johnson, 219 Conn. 557, 562 (1991).
Also, for two reasons, the court has discounted the testimony of James Warren, Jr. concerning work he performed at the Feola house in December, 1990. First, there was no evidence that when Warren supposedly did this work that it was performed on behalf of Capitol Contractors, Inc. whose lien is at issue. Second, where Warren's testimony was at variance with the testimony of Mark Smolley, the court in determining the credibility of witnesses, Rodziewicz v. Giguere, 5 Conn. App. 293, 295 (1985), has decided that Smolley was the more believable witness.
 II.
There is also another reason for the court's opinion that probable cause to sustain the lien is absent. The renovations and improvements in the contract between Salvatore Feola, Jr. and Warren Builders Developers, Inc. were, under the definitions in General Statutes Section 20-419 (4), home improvements. General Statutes Section 20-429 (a) provides that "no home improvement contract shall be valid and enforceable against an owner unless it (1) is in writing. . . .(6) contains a notice of the owner's cancellation rights in accordance with the provisions of Chapter 740 (the Home solicitation Sales Act) [and] (7) contains a starting date and completion date. . . ."
In Caulkins v. Petrillo, 200 Conn. 713 (1986) where a written home improvement contract was alleged to have been orally amended, the Supreme Court held that Section 20-429 (a) precluded recovery on the oral contract. And in a series of opinions in 1990, that court ruled that absent allegations of bad faith on the part of the owner, a failure to comply fully with the requirements of Section 20-429 (a) precluded, on public policy grounds, even a contractor's quasi-contractual claims. Barnett Builders v. Miller, 215 Conn. 316; A. Secondino Son, Inc. v. LoRicco,215 Conn. 336; Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345; Sidney v. DeVries, 215 Conn. 350 (1980). On the basis of Section20-429 (a), as interpreted by Caukins v. Petrillo, supra, at least two Superior Court decisions have discharged a contractor's mechanic's lien. Ron Schorr v. Sutherland Excavating Contractors, Inc., 4 C.S.C.R. 115 (1988); Deitz v. Wilson,2 C.S.C.R. 63 (1986). CT Page 7301
At oral argument, counsel for the defendant questioned whether the above-mentioned Supreme court cases should be extended to a subcontractor. On the circumstances of this case, the court believes that they should. The court is aware of Baxter v. Quoka,1 Conn. L. Rptr. 817, 820 (1990) suggesting that the definitions in Section 20-419 (3), (4) 5 do not include subcontractors and O'Donnell v. Rindfleisch, 13 Conn. App. 194, 204 (1988) noting that subcontractors are not included in the registration of contractors or salesmen that is required by General Statutes Section 20-420. Baxter v. Quoka, however, involved a lien filed by a supplier to a subcontractor and O'Donnell v. Rindfleisch dealt with a contractor's based partially upon minor work done by a subcontractor whose hiring was agreed to by the owner. Neither case involved a contractor who, unbeknownst to the owner, engaged a subcontractor in which he owned a one-half interest and who, for all practical purposes, was substituted as the principal contractor on the job.
In order to demonstrate probable cause to support the lien, the lienor must show entitlement to file it. Newtown Associates v. Northeast Structures, Inc., supra at 637. If, however, the cited decisions reached by the Supreme Court in 1990 are not applied to Capitol Constructors, Inc., then an excellent opportunity would be given to James E. Warren, Jr. and the corporations in which he was the majority or substantial shareholder to thwart the declared intent and purpose of General Statutes Section 20-429.
 III.
For the reasons stated herein, it is found that probable cause to sustain the lien was not established. The lien of Capitol Contractors, Inc. is discharged.
BARNETT, J.