[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Introduction
The plaintiff landlord DMD Enterprises has filed the present action seeking possession or the premises at 101 Spring Street, Hartford, Connecticut leased to the defendant Idelisse Esquilin on January 1, 1991. The return day of this case was October 4, 1991 and the complaint was returned to court on October 1, 1991. The defendant has filed the instant motion to dismiss maintaining that this court has no jurisdiction as the matter was not returned in compliance with the three day rule as required by statute. CT Page 10928
 II
Discussion
This court is being asked to address an issue which one would believe should be no longer extant. The question is; whether a plaintiff can include one of the terminal days in meeting the three day requirement of General Statutes 47a-23a
which states, in part, "[s]uch complaint . . . shall be returned to court at least three days before the return day." Failure to meet the statutory requirement for the return of process renders the case subject to dismissal. Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 435 (1989); Arpaia v. Corrone, 18 Conn. App. 539, 541 (1989); Bergin v. Bergin, 3 Conn. App. 566, cert. denied, 196 Conn. 806 (1985).
The decision depends on how one interprets the phrase "at least three days." The general rule is set forth in Treat v. Town Planning Zoning Commission, 145 Conn. 136, 139 (1985) in which the court, in discussing the filing of zoning regulations with the town clerk, stated that "[w]hen so many days `at least,' are given to do an act or `not less than' so many days must intervene, both the terminal days are excluded" citing Austin, Nichols Co. v. Gilman, 100 Conn. 81, 85 (1923). The statute mandated the filing "at least ten days before the hearing," and the court found that that phrase "evidences the intention of the framers . . . that the period should be ten full or clear days. No other construction will give meaning to these words of the statute." Id. This position was followed by the Appellate Division of the Circuit Court in Pander v. French, 3 Conn. Cir. Ct. 383, 385 (1965), a summary process case where the issue concerned the number of days provided in the notice to quit.
A review of housing court practice and decisions indicates that there is a split as to when the complaint must be returned. In Hernandez v. Agosto, SPH 7904-01177-HD, June 7, 1979 (H-49) Judge Spada emphasized that a complaint not returned three days before the return day violated General Statutes 47a-23 and deprived the court of jurisdiction. In Johnson v. Sward, SPN 7907-552 NB, October 17, 1979 (H-119), Judge Spada dismissed a case which was returned similar to the present case, i.e., returned to court on the 24th day with a return day on the 27th. In Coppola v. St. Clair, SPN 808-1529-50, 6 CLT 39, p. 15, September 3, 1980 (H-242), Judge Spada issued a similar ruling. Likewise, in Rimscha v. Hartford Formal, Inc. dba, SPH 8101-9271, March 30, 1981 (H-272), Judge Satter requiring three full days between the return and the return day. In Albetski v. Foley, SPH 8210-16639, December 8, 1982 (H-371), Judge Maloney CT Page 10929 also dismissed a case in which the plaintiff failed to return a case with three full intervening days. He indicated that "this court has consistently held that the failure to return the complaint to court at least three days before the return date is a jurisdictional defect requiring dismissal of the action, [citing] Coppola v. St. Clair."
In the first reported New Haven Housing Court decision, Judge Foti adopted Judge Spada's reasoning in Hernandez v. Agosto, supra, and Coppola v. St. Clair, supra, and dismissed a case which attempted to use the return day as one of the three days. Zampano v. Balawin, SPNH 8110-066, November 3, 1981 (NH-1). See, also, Eckmann v. Oligino SPNH 8112-458 BR, December 29, 1981, Foti, J. (NH-14); Belton v. Watkins, SPNH 8111-330 NH, December 29, 1981, Foti, J. (NH-15); Distasio v. Bermudes SPNH 8202-886 NH, March 4, 1982, Foti, J. (NH-35) and Conn. Real Estate Consultants, Inc. v. Jones, SPNH 8202-981 NH, March 18, 1982, Foti, J. (NH-43).
Balanced against these cases is Judge Goldstein's decision in Battagler v. Quinn, et al, SPH 8510-30236, 30237;, 30243; 30244, October 31, 1985 (H-701) in which he did not require three full intervening days. Accord, Radino v. Arruda, SPH 8511-30794, January 31, 1986, Goldstein, J. (H-720). Indeed, while acknowledging the general rule that "at least" requires excluding the terminal days, he found a recognized exception where settled practice or established custom includes a terminal date citing Austin, Nichols Co., Inc. v. Gilman, supra. He observed that this practice was confirmed in Nowell v. Nowell,24 Conn. Sup. 314 (1963) although he noted that Johnson v. Sward, supra, was contrary.
This court notes that Austin, Nichols, supra, was not a return of service case and in fact acknowledged the rule of excluding the terminal days. Id., 84. Nowell v. Nowell, supra, did address the issue in connection with the return of a non summary process civil matter "at least six days before the return day." General Statutes 52-47 (now 52-46a). In that case, Judge MacDonald found that "at least six days" did not require the exclusion of both terminal days; rather he stated that as the official court calendar and the Lawyers Diary set forth the last date for writs to be returned prior to the return day and that the plaintiff had so complied, the court would recognize the custom of long usage. In his decision in Johnson v. Sward, supra, Judge Spada rejected the Nowell exception finding that the decision was based on "a practice so long and so uniform", namely the court calendar and was thus inapplicable to summary process returns.
Except for Judge Goldstein's ruling, every other reported CT Page 10930 summary process decision adopts the rule excluding the terminal day.[1] This court likewise believes that the traditional interpretation rule should be followed and therefore cannot adopt the decision in Battagler v. Quinn, supra.
 III
Conclusion
The return day in this matter was October 4, 1991. As the complaint was returned on October 1, 1991, the plaintiff did not comply with the statutory requirement of returning three days before the return day. The motion to dismiss is granted.
BERGER, J.