[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 14, 1991, the plaintiff filed his second amended complaint, seeking to foreclose his mechanics' lien in count one and claiming unjust enrichment in count two. The underlying basis of the plaintiff's complaint is that the defendants have failed to honor their contract with him, wherein they agreed that the plaintiff would perform certain construction work for $10,000. The defendants have only paid $5,600 of the agreed upon price, even though the plaintiff claims he has completed his work. On November 7, 1990, the defendants filed a motion for summary judgment on the ground that the plaintiff is precluded from recovering inasmuch as the contract at issue fails to comply with the Home Improvement Act, General Statutes 20-418, et seq.
Summary judgment shall be rendered if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Gurliacci v. Mayer,218 Conn. 531, 562 (1991). The court is not to decide issues of fact, but only to determine if issues of fact exist. Michaud v. CT Page 4217 Gurney, 168 Conn. 431, 433 (1975).
In order to be subject to the strictures of the Home Improvement Act there must first be a home improvement contract. A home improvement contract is simply "an agreement between a contractor and an owner for the performance of a home improvement." General Statutes 20-419 (5), and General Statutes20-419 (4). The plaintiff alleges that he was to construct a concrete wall and floor around a swimming pool and a concrete sidewalk. The court finds that this constitutes a "home improvement" under the act and that therefore, the Home Improvement Act applies to this case.
The defendants claim that the contract in question did not conform to General Statutes 20-429 (a), which states that a contract is void and unenforceable unless it
 (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor.
The contract is attached to the motion for summary judgment as an exhibit.
The Supreme Court, in a series of opinions, construed this language to mean that "the impact of 20-429 is that the defendant was privileged, in the absence of an allegation of bad faith, to repudiate an agreement in violation of the statute." Barrett Builders v. Miller, 215 Conn. 316, 328 (1991). See also A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336 (1001); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345 (1991); Sidney v. DeVries,215 Conn. 350 (1991). All these cases, released the same day, hold that where the contract does not conform to 20-429, the contractor cannot in any way recover on that contract, whether by quantum merit, unjust enrichment, etc. The contract at issue did not contain a starting or completion date, and therefore, failed to comply with 20-429.
The plaintiff, however, in opposing the motion raises the issue of the defendant's bad faith. The plaintiffs have not alleged that defendants acted in bad faith. Under Barrett, a contractor cannot simply oppose summary judgment by claiming bad faith on the defendant's part, but must allege that bad faith. CT Page 4218 The court finds that the plaintiff has not demonstrated that bad faith on the defendants' part presents a question of fact. See Wadia Enterprises, Inc. v. Hirschfield, 6 CSCR 776, 777 (July 12, 1991, Mottolese, J.). Therefore, because the contract does not comply with 20-429 and the plaintiff cannot recover, Barrett, supra; the defendant's motion for summary judgment is granted.
COFIELD, J.