[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action to foreclose a mechanic's lien filed by the plaintiff, as the contractor in the construction of a pool house on the property of the defendant owner. The contractor seeks to secure payment of the balance due on a billing of $70,416.77 for services and materials against which he claims he has received only $50,164.00.
The defendant has filed an answer, several special defenses, and a cross-complaint.
The defendant now moves for summary judgment against the plaintiff on the complaint. The motion is based on two grounds: (a) failure to comply with the contract requirements of the Connecticut Home Improvement Act and (b) invalidity of the lien for failure to lodge a certificate within 90 days after the plaintiff ceased to perform services or furnish supplies as required by General Statutes 49-34.
From the pleadings and affidavits it is found that the defendant had engaged the plaintiff to modernize a house and construct a pool house on the defendant's property at 7 Wynwood Road in Greenwich on which a single family residence already existed. The parties subsequently limited the construction by the plaintiff to the pool house. The plaintiff began his construction work on May 13, 1992 and last supplied labor and materials on August 31, 1992. The mechanic's lien was recorded in the town clerk's office on December 2, 1992.
The pool house was a new building and was not attached to the existing single family dwelling. The pool house required and the plaintiff supplied a foundation, footings, sides, walls, insulation, roof, plumbing and wiring. The pool house contained a bathroom, air conditioning, cabinets, refrigerator, sink, dishwasher, and microwave oven. The defendant supplied a murphy bed and cabinet for installation.
The plaintiff's compliance with a request for production shows the plaintiff had prepared and presented two agreement forms to the defendant. The first was for the initial construction project; the second was for the modified project limited to the pool house. Neither agreement form was signed by the defendant owner, neither was dated, neither contains a notice of the owner's cancellation rights.
I. CT Page 11448
The mechanic's lien was recorded on November 30, 1992 in the Greenwich Land Records. Ninety days after May 13, 1992 would be November 29, 1992. The court takes judicial notice that November 29, 1992 was a Sunday. Where the last day of a period within which an act may be done falls on a Sunday and that act may not be done on a Sunday, then performance may be on the following day. Austin Nichols Co. v. Gilman, 100 Conn. 81, 85 (1923). The recording of the certificate on the Greenwich Land Records complied, therefore, with the statutory requirement.
 II.
General Statutes 20-429 reads, in part:
 Required contract provisions; enforceability. Negative option provisions prohibited. Owner to receive copy. Contracts considered home solicitation sales. Commissioner may dispense with certain contract requirements.
 (a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor, except that the commissioner may, by regulation, dispense with the necessity for complying with the requirement that each change in a home improvement contract shall be in writing and signed by the owner and contractor.
Since the plaintiff has made no assertion of bad faith, Habetz v. Condon, 224 Conn. 231 (1992), the agreement's defects would preclude recovery by the plaintiff under the Home Improvement Act either in contract, or quasi contract or unjust enrichment.
"The Supreme Court, in a series of opinions, construed this language to mean that `the impact of 20-429 is that the defendant CT Page 11449 was privileged, in the absence of an allegation of bad faith, to repudiate an agreement in violation of the statute.' Barrett Builders v. Miller, 215 Conn. 316, 328 (1991). See also A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336 (1001); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345 (1991); Sidney v. DeVries,215 Conn. 350 (1991). All these cases, released the same day, hold that where the contract does not conform to 20-429, the contractor cannot in any way recover on that contract, whether by quantum merit, unjust enrichment, etc." Mancini v. Marino,7 CSCR 637 (Cofield, J) (May 6, 1992).
The defendant contends that the construction of this pool house is a home improvement under the Home Improvement Act. The plaintiff contends that the construction of this pool house is not a home improvement under the Act. The issue between the parties is whether the facts established by the affidavits and pleadings bring this particular construction, as a matter of law, within the definition of a home improvement.
A home improvement, for purposes of the Act, is defined in General Statutes 20-419 as follows.
 Definitions. As used in this chapter, the following terms shall have the following meanings unless the context clearly denotes otherwise:
. . .
 "Home improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and water-proofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. "Home improvement" does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, CT Page 11450 directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (C) the sale of goods or services furnished for commercial or business use or for resale; (D) the sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; (E) any work performed by the owner on his own premises.
. . .
In support of his position, the plaintiff notes that the pool house was a new structure not built upon nor contiguous to the existing dwelling. The plaintiff points to the decision in Turnberg v. Lord, 1992 Ct. Casebase 4421, CSCR No. 44114 (Klaczak, J.) (May 13, 1992) in which the court held that a horse barn was not a home improvement, despite the claim of the defendant that it was similar to the listed garage and that any improvement to a private residential property should be protected. The court's rationale was:
 The statute provides an extensive list of definitions and this Court declines to expand the definitions beyond those specifically listed. The Act provides severe sanctions for non-compliance and, partly for that reason, this Court is reluctant to construe it beyond those things which are clearly delineated. Therefore, this Court finds that the construction of a horse barn, even for private use, is not a home improvement under the Act.
On the other hand, the defendant notes that the itemization of home improvements in General Statutes 20-419(4) is not exclusive to the specifically listed "Home Improvement includes, but is not limited to . . ."), while the exceptions listed at the end of subparagraph (4) lettered (A) through (E) are exclusive.
The defendant argues that while a pool house is not listed in the definition language as such, the statute does not eliminate a pool house as a home improvement, because the definition language is not exclusive but merely lists examples. On the other hand, since the list of exclusions (A) through (E) does not contain a pool house by definition, a pool house is not excluded from being considered a home improvement, unless it fits CT Page 11451 under the scope of subsection (A) "The construction of a new home." None of the affidavits or pleadings have described or claimed that the pool house construction was "the construction of a new home."
The defendant has supplied several cases that have held construction of items not specifically listed to be home improvements nevertheless. Included were such items as the construction of a concrete wall and floor around a swimming pool (Mancini v. Marino, supra) and the construction of a deck next to a swimming pool (Feola v. Capitol Contractors, Inc., 1992 Ct. Casebase 991, 6 CSCR 819, No. 0102719 (Barnett, J.) (August 13, 1991)). In the court's opinion, the construction of this pool house certainly fits within the parameters of an "addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the . . . improvement of . . . swimming pools."
Since the court finds that this pool house is a home improvement and finds that the agreement between the plaintiff-contractor and the defendant-owner did not comply with the requirements of General Statutes 20-429, the court is constrained to grant the defendant's motion for summary judgment in favor of the defendant and against the plaintiff on the plaintiff's complaint.
NIGRO, J.