[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action to foreclose a mechanic's lien. The plaintiff claims to have supplied labor and materials for plumbing work in the residence of the defendant at 17 Orchard Street, Cos Cob, Connecticut. The plaintiff claims the work was CT Page 11442 done as the result of an oral agreement between the parties based on a written estimate plus extras. The agreement called for the payment of $4,300.00. The plaintiff claims the defendant has paid nothing towards this work, so he has filed and recorded a mechanic's lien to secure the payment.
The defendant has filed an answer denying any debt. He has filed three special defenses alleging violation of and failure to comply with the Connecticut Home Improvement Act. He has filed a set-off against any alleged debt claiming payments in excess of $10,000.00 to the plaintiff. He has also filed a counterclaim. To these pleadings, the plaintiff has filed a reply and answers. The pleadings are closed.
The defendant has now moved for summary judgment on the plaintiff's complaint claiming there is no genuine issue of material fact. The basis of the motion is that the plaintiff performed home improvement work on the defendant's residence under an agreement that was not in writing and signed by the parties and which did not contain the required notice of cancellation rights and, therefore, in violation of the Connecticut Home Improvement Act. In support of the motion, the defendant has filed his affidavit. The plaintiff has filed an objection to the motion, but has supplied no contradictory affidavit or other evidence.
In his affidavit, the defendant states that he resides in his home at 17 Orchard Street in Cos Cob, in the Town of Greenwich, Connecticut. He further states that from December 2, 1991 through March 25, 1992 the plaintiff performed work on his home for which he paid over $10,000.00. He also states that there was no written contract for the work signed by all the parties with the requisite three day notice of cancellation provision.
In his objection to the motion for summary judgment, the plaintiff particularly notes two conclusionary statements made by the defendant in his affidavit, to wit:
"3. The plaintiff, Anthony J. Repaci, is a Connecticut resident doing business in the State of Connecticut at 19 Cow Path Drive, Stamford, Connecticut and should be registered with the State of Connecticut, Department of Consumer Protection, as a home improvement contractor. CT Page 11443
. . .
5. The work performed by Anthony J. Repaci constituted a "home improvement" as defined by Connecticut Home Improvement Act ("HIA", Connecticut General Statute 20-419(4)."
The plaintiff asserts that a plumber is not a home improvement contractor in all instances. "In fact, in the instant matter, the work performed by the plaintiff was pursuant to an oral request of the defendant. The cost of the plumbing work was in excess of $4,000.00." (Plaintiff's memorandum in objection, P. 2).
With regard to paragraph 5 of the defendant's affidavit, the plaintiff claims "[w]hether or not the work performed by the plaintiff constituted a home improvement is a question of fact. It is of interest to note that the defendant does not claim the work was not done nor does he claim that the work was not done in a workmanlike manner; what he claims is that the work was a home improvement and therefore because he did not have a written contract and was not provided with a three day right of rescission, he is not obligated to pay for the work." (Plaintiff's memorandum in objection, P. 3).
An examination of the pleadings indicate that the work in dispute was done at the premises at 17 Orchard Street, Cos Cob, in Greenwich, Connecticut. (Plaintiff's complaint; Mechanic's Lien Certificate; defendant's affidavit). This is the defendant's residence. (Defendant's affidavit). The work was for the labor and material in connection with plumbing at the premises. The work involved can be inferred to have exceeded $200.00 in value and for this job exceeded $1,000.00. (Plaintiff's complaint; defendant's counterclaim).
A home improvement, for purposes of the Act, is defined in General Statutes 20-419, as follows:
 Definitions. As used in this chapter, the following terms shall have the following meanings unless the context clearly denotes otherwise:
. . .
 "Home improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, CT Page 11444 modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and water-proofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. "Home improvement" does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (C) the sale of goods or services furnished for commercial or business use or for resale; (D) the sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; (E) any work performed by the owner on his own premises.
There is no doubt that the work done by the plaintiff was plumbing in an existing dwelling, although the details of the work have not been spelled out by the parties in their pleadings. Such plumbing work has been held specifically to be a "home improvement." See, e.g., Culbertson v. Brandon, 1990 Ct. Casebase 3737, CSCR No. CV 88 009 5930 S (Cioffi, J.) (November 21, 1990); Smith v. Thompson, 1991 Ct. Casebase 2736, CSCR No. 28 56 12 (Pastore, Ct. Tr. Referee) (March 6, 1991). Although the plaintiff objects to the defendant's conclusionary statement that the work was a home improvement, he has presented no factual information to the contrary. Nor is there any factual evidence that the work comes under one of the specific exclusions under subparagraphs (A) through (E) of General Statutes 20-419(4).
Under these circumstances, the defendant is correct that the plaintiff must be considered as a contractor under the provisions of General Statutes 14-219 (3):
 "Contractor" means any person who owns and operates a home improvement business or who undertakes, offers to undertake CT Page 11445 or agrees to perform any home improvement. The term "contractor" does not include a person for whom the total cash price of all of his home improvement contracts with all of his customers does not exceed one thousand dollars during any period of twelve consecutive months.
The agreement between the parties comes within the definition of a home improvement contract under the provisions of General Statutes 14-219(5):
 "Home improvement contract" means an agreement between a contractor and an owner for the performance of a home improvement.
The defendant is an owner under the definition of General Statutes 14-219(6):
 "Owner" means a person who owns or resides in a private residence and includes any agent thereof.
The defendant claims the plaintiff cannot enforce the mechanic's lien alleged because the agreement for the plumbing work did not comply with General Statutes 20-429.
General Statutes 20-429 reads, in pertinent part:
 Required contract provisions, enforceability. Negative option provisions prohibited. Owner to receive copy. Contracts considered home solicitation sales. Commissioner may dispense with certain contract requirements. (a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date; and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor, except that the commissioner may, by regulation, dispense with the necessity for complying with the requirement that each change in a home improvement contract shall be in writing and signed by CT Page 11446 the owner and contractor.
Since the plaintiff has pleaded that the agreement between the parties was oral, the plaintiff must suffer the draconian interpretation attributed to the strictures of General Statutes 20=429 [20-429](a) by the Connecticut Supreme Court. Because the plaintiff has made no assertion of bad faith, Habetz v. Condon,224 Conn. 231 (1992), the agreement's defects would preclude recovery by the plaintiff under the Home Improvement Act either in contract, or quasi contract or unjust enrichment.
"The Supreme Court, in a series of opinions, construed this language to mean that `the impact of 20-429 is that the defendant was privileged, in the absence of an allegation of bad faith, to repudiate an agreement in violation of the statute.' Barrett Builders v. Miller, 215 Conn. 316, 328 (1991). See also A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336 (1001); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345 (1991); Sidney v. DeVries,215 Conn. 350 (1991). All these cases, released the same day, hold that where the contract does not conform to 20-429, the contractor cannot in any way recover on that contract, whether by quantum merit, unjust enrichment, etc." Mancini v. Marino,7 CSCR 637 (Cofield, J) (May 6, 1992).
The court is constrained to overrule the plaintiff's objections and to grant the defendant's motion for summary judgment in favor of the defendant and against the plaintiff as to the plaintiff's complaint.
NIGRO, J.