[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action arises out of a fire which occurred on June 16, 1991. The plaintiff seeks payment under its fire insurance policy, and has brought suit by serving the defendant Aetna Casualty Surety Company on June 16, 1993. Defendant moves for summary judgment. It claims that the terms of the insurance policy bar the plaintiff from bringing the action because it did not commence suit within two years of the occurrence of the fire.
The insurance policy states at SECTION VIII — COMMERCIAL PROPERTY CONDITIONS, Paragraph H:
"LEGAL ACTION AGAINST US."
"No one may bring a legal action against us under this Coverage Form unless:
 2. The action is brought within two years after the date on which the direct, physical loss or damage occurred."
The court holds that the day of the act from which a future time is to be ascertained is to be excluded from the computation. Lamberti v. Stamford, 131 Conn. 396; Austin,Nichols Co., Inc. v. Gilman, 100 Conn. 81, Yeomans v. ZoningCommission, Town of Andover, 17 Conn. Sup. 115; Blackman v.Nearing, 43 Conn. 56; Finton Morton, Admr. vs. Bernard West,et al, 3 Conn. Sup. 251; Avis Rent-A-Car System, Inc. v. CrownHigh Corporation, 165 Conn. 608; Pirone v. New EnglandRailroad Const. Co., No. 305438, Superior Court, Judicial District of Danbury, (March 10, 1993). It therefore finds that the plaintiff has brought this action within the time limited in the contract and that the motion for summary judgment should be denied.
For an additional reason, the court believes that the motion for summary judgment should be denied. The court believes that the words of limitation in the contract are susceptible of two interpretations, namely, the interpretation set forth by the defendant, and the interpretation set forth by the plaintiff. Under the circumstances, the construction most favorable to the insured should be adopted. Griswold v.Union Labor Life Ins. Co., 186 Conn. 507 (1982); Simses v.North American Co. for Life Health Inc., 175 Conn. 77, 85. CT Page 9345
The motion for summary judgment is denied.
Allen, State Trial Referee