## ALICE GRABAREK
### vs.
## THE CONNECTICUT ADAMANT PLASTER CO.

Superior Court      New Haven County      File #48919

Present: Hon. ARTHUR F. ELLS, Judge.

FitzGerald, Foote & FitzGerald, Attorneys for the Plaintiff.

Daggett & Hooker,      Attorneys for the Defendant

## MEMORANDUM FILED MAY 25, 1936.

ELLS, J. This is an action by an Administrator for injuries resulting in death, and must be brought "within one year from the neglect complained of". The neglect complained of was on October 27, 1934, the death on October 29, 1934. The writ is dated October 28, 1935 and was served on October 29th.

The plaintiff contends that since the action was brought within one year of the death, it is sufficient. This cannot be so, for the statute limits it to "the neglect complained of". It is significant that prior to 1903 the statute read "from the date of such injury, or from the decease of such person", and that in 1903 the Legislature took out the latter clause.

Two further questions remain. (1) When was the action "brought"? Upon the signing of the writ, or its service? Clearly the date of the service governs. Tuohey vs. Martinjak, 119 Conn. 500. (2) October 28 was Sunday. Is that day to be excluded and the year extended to Monday? Our law is as follows: "Where the last day of a period within which an act may be done, which may not be done on Sunday, falls upon such day, performance may be made on the following day." Austin Nichols & Co., Inc. vs. Gilman, 100 Conn. 81, 85. Service of process may be made on Sunday, after sundown. Sec. 5484, General Statutes.

See also Memorandum of Decision, Judge Peasley, February 20, 1936, Morton, Admr. vs. West, 3 Conn. Sup., 251.

The Motion to Erase is granted.