SINHORINA SOUZA *v.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 119496
AT BRIDGEPORT

Memorandum filed February 18, 1964

*Louis Stein,* of Bridgeport, for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendant.

BARBER, J. In this action based upon negligence, it affirmatively appears that the plaintiff's alleged injury was incurred on September 15, 1962. The officer's return shows service upon the secretary of the state of Connecticut on September 16, 1963. The defendant has interposed a special defense claiming that the action is barred by the Statute of Limitations. In reply thereto, the plaintiff alleges that September 15, 1963, fell on Sunday and service was made upon the secretary of state on the next business day.

The defendant claims that there is no genuine issue as to any material fact and that it is entitled to a summary judgment as a matter of law. Practice

Book, 1963, § 298. Affidavits and supporting papers have been filed showing that the defendant is a foreign corporation with warehouses, retail stores, one warehouse manager, store managers, one resident director and one resident vice president, all in this state; that the secretary of the state of Connecticut has been appointed its attorney upon whom process may be served; that Ella T. Grasso is the secretary of state with a usual place of abode in this state; and that James Daly is the deputy secretary of state with usual place of abode in this state.

The sole question which the court must determine is whether the defendant's special defense is well founded. The issue presented is one of law and proper for determination upon a motion for summary judgment. Practice Book, 1963, § 303; *Perri* v. *Cioffi,* 141 Conn. 675, 680.

This is a negligence action and the one-year statute applies. General Statutes § 52-584. The plaintiff relies upon the rule that where the last day of a period within which an act may be done, which may not be done on Sunday, falls upon such day, performance may be made on the following day. *Lamberti* v. *Stamford,* 131 Conn. 396, 399; *Austin, Nichols & Co.* v. *Gilman,* 100 Conn. 81, 85. The defendant claims that service of process may be made upon a party before sunrise and after sunset on a Sunday. General Statutes § 52-71. The defendant further claims that service upon a foreign corporation may be made upon the resident attorney of such corporation appointed pursuant to General Statutes § 33-400 (formerly § 33-138) or, in the alternate, upon certain enumerated officers and agents as permitted by General Statutes § 52-57. The procedure to be followed when making service on the secretary of the state is set forth in General Statutes § 33-411 (a). It is provided that service be

made by leaving the process at the office of the secretary or by depositing the same in the United States mails addressed to the office. The effective time of service is the date and hour recorded by the secretary.

It is interesting to note that the majority opinion in *Lamberti* v. *Stamford,* supra, was written by Justice Ells, who, when a judge of the Superior Court, held that the general rule pertaining to limitations of time within which an act may be done because the last day falls on a Sunday is not applicable to the service of process, because that may be done after sundown. *Grabarek* v. *Connecticut Adamant Plaster Co.,* 4 Conn. Sup. 32, 33.

It appears that service in this case could have been made upon any one of a number of individuals within this state on September 15, 1963. The plaintiff was not limited to service upon the secretary of state pursuant to General Statutes § 33-411 (a). Subsection (e) of § 33-411 provides that "[n]othing in this section shall limit or affect the right to serve any process required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law." The plaintiff argues that as a practical matter attorneys and litigants rely on the simplified method of service upon the secretary of state, and it should be protected by an extension of the Sunday exclusion rule. As pointed out in the *Lamberti* case, supra, 400, the rule is one based upon statutory construction. In this case, such a construction would clash with General Statutes §§ 52-57, 52-71 and 53-300. The court must conclude that there were alternate methods of service available to the plaintiff on September 15, 1963, and plaintiff is barred by the Statute of Limitations. *Coombs* v. *Darling,* 116 Conn. 643, 647.

Summary judgment may enter for the defendant.