HELENE M. COFFIN ET AL. *v.* VINCENT FAGGELLA ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-674-51585

Argued November 6—decided December 1, 1967

*Joseph Belinkie,* of Bridgeport, for the appellants (plaintiffs).

*Thomas F. Maxwell, Jr.,* of Bridgeport, for the appellees (defendants).

JACOBS, J. The question presented for decision in this personal injury action is whether the trial court properly determined from the papers and affidavits in the file (Practice Book § 299) that no genuine issue of material fact existed which would warrant submission of the case to the jury.[1]

This controversy arose out of a collision involving two automobiles in which the named plaintiff and her passenger, Fannie Bono, sustained personal injuries. The accident occurred on March 30, 1966, on Huntington Turnpike near the corner of East Pasadena Place, in the city of Bridgeport. This action was brought on April 6, 1967, to recover damages for personal injuries and was made returnable to the Circuit Court on the first Tuesday of May, 1967. In paragraph 5 of the first count of the complaint, the plaintiff Helene M. Coffin alleged that "on that day [March 30, 1966, she] suffered severe and grievous bodily injuries including severe head-

---

[1] Both parties claimed this case for the jury docket.

aches, soreness and stiffness of the neck and back extending toward the left shoulder and pain in the left leg and thigh for which she was treated by a private physician"; and in paragraph 6 she claimed that "on April 29, 1966, it was first discovered by the patient that she was beginning to experience intense low back pain." In paragraph 5 of the second count of the complaint, Mrs. Bono alleged that "on said date [March 30, 1966, she] suffered a muscle spasm and limited mobility of the cervical spine with a loss of normal cervical lordosis and a sprain of the trapezius muscles and multiple contusions of the left hand and a swelling of the dorsal of the hand with a loss of normal mobility"; and in paragraph 6 of this count it was alleged that "[o]n May 14, 1966, it was first discovered by the plaintiff, Fannie Bono, that she was experiencing a low braid [sic] pain at the level of L4 and L5 of her back." The defendants answered denying negligence and by way of special defenses pleaded contributory negligence and the Statute of Limitations.

Thereafter, the defendants filed a motion for summary judgment supported by accompanying affidavits containing medical reports, x-ray studies and medical bills, all of which had been previously filed by the plaintiffs in response to the defendants' motion for disclosure and production. The motion for summary judgment was based on the claim that the action had not been brought within one year from the date when the injuries were first sustained or discovered or in the exercise of reasonable care should have been discovered. See General Statutes § 52-584; Prosser, Torts (3d Ed.), p. 148 n.60, and cases there cited. In opposition to the motion, the plaintiffs conceded that the action was not brought within one year from the date when the injuries were first sustained; nevertheless, they insist that the injuries were not discovered or discoverable until

sometime after March 30, 1966. And in support of their opposition to the motion, they filed an affidavit signed by Dr. Vincent F. Sica, their attending physician, who stated: "I hereby state with reasonable medical certainty that the original symptoms expressed as to both patients on March 30, 1966 precluded discovery of the injuries found as to Helene Coffin until April 29, 1966 and as to Fannie Bono until May 14, 1966 nor were the same discoverable as to both patients due to the nature of the original symptoms and findings involved." The trial court granted summary judgment for the defendants on the ground that the action was not timely brought and was therefore barred by the Statute of Limitations. On this appeal, the plaintiffs insist that their opposition to the motion, supported by affidavits, raised triable issues of fact which could not be resolved in proceedings for summary judgment.

Where, as in this case, a timely appeal is taken from an appealable order granting summary judgment, an appellate court in reviewing the action of the trial court must determine whether there is any genuine issue of material fact underlying the adjudication. See 6 Moore, Federal Practice (2d Ed.) ¶ 56.27(1). "The summary judgment procedure may not be invoked where there is a *bona fide* factual dispute between the parties. It is well settled that the court's duty is limited to determining whether factual issues exist, not in determining the issues themselves." *Gauck* v. *Meleski,* 346 F.2d 433, 435; see *Associates Discount Corporation* v. *Smith's Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180; *Rathkopf* v. *Pearson,* 148 Conn. 260, 264. It is not the province of the trial court, on a motion for summary judgment, to try issues of fact; it is, rather, to determine whether such issues exist; "[i]ssue-finding, rather than issue-determination, is the key to the procedure." *Esteve* v. *Abad,* 271 App. Div. 725, 727

(N.Y.); see *Walsh* v. *Walsh,* 18 Cal. 2d 439, 441. "A shadowy semblance of an issue is not enough to defeat the motion." *Hanrog Distributing Corporation* v. *Hanioti,* 10 Misc. 2d 659, 660 (N.Y.). We recognize the general rule that "[o]n summary judgment the inferences to be drawn from the underlying facts contained in . . . [the papers and affidavits in the file] must be viewed in the light most favorable to the party opposing the motion." *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655. "One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact." 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Ed.) § 1235, p. 138. Certain affirmative defenses, such as the defense of the Statute of Limitations, lend themselves to categorical proof; in such a case, summary judgment procedure is usually effective. 6 Moore, op. cit. ¶¶ 56.17(4), 56.17(58); 3 Barron & Holtzoff, op. cit. § 1245; see *Hartford Federal Savings & Loan Assn.* v. *Aetna Casualty & Surety Co.,* 25 Conn. Sup. 418, 431; *Souza* v. *Great Atlantic & Pacific Tea Co.,* 25 Conn. Sup. 174, 176. In this case, of course, the plaintiffs, having alleged suspension of the running of the statute, bear the burden of proving the exception to the usual running of the statute. See *Pashley* v. *Pacific Electric Ry. Co.,* 25 Cal. 2d 226, 232.

Bearing in mind these general principles, we now turn to an assessment of the papers and affidavits in the file. It is undisputed that on March 30, 1966, the date on which the accident occurred, Dr. Sica examined and treated the plaintiffs for injuries they received on that date. Mrs. Coffin was discharged from further treatment on August 20, 1966; Mrs. Bono was discharged on July 11, 1966. On March 31, 1966, x-ray examinations were made of the injured areas as to both plaintiffs, and the results of these studies were duly transmitted to Dr. Sica

for his evaluation. Between March 30, 1966, and April 29, 1966, Mrs. Coffin was examined and treated on eight different occasions;[2] between March 30, 1966, and May 14, 1966, Mrs. Bono was examined and treated on nine different occasions.[3] From the papers and affidavits in the file, it is apparent to us that the plaintiffs' injuries were capable of ascertainment on the day of the accident. This is not the kind of case where the initial invasion is of an inherently unknowable type where the running of the statute ought to be postponed; nor is this a case of continuing or repeated wrongs—for example, maintenance of nuisance—where application of the Statute of Limitations is often complicated by the continuation of a condition or by repeated acts; nor is this a situation involving occupational disease, where a claimant may not be able to point to a particular time, place or circumstance as to the origin of the injuries or disease. See Wright, Connecticut Law of Torts §§ 178, 179; "Developments in the Law—Statutes of Limitations," 63 Harv. L. Rev. 1177, 1207. " 'The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims.' " *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 179, quoting from *Schmidt* v. *Merchants Despatch Transportation Co.,* 270 N.Y. 287, 302. In the instant case, there is an attempt to defeat the statutory policy of repose. Here, the plaintiffs knew with reasonable certainty

[2] The record discloses that Mrs. Coffin was treated on the following dates for the injuries she sustained on March 30, 1966: March 30, 31; April 2, 4, 7, 16, 23, 29; May 2, 5, 9, 12, 16, 19, 26; June 4, 11, 18, 25; July 11, 18, 28, 1966.

[3] The record discloses that Mrs. Bono was treated on the following dates for injuries she sustained on March 30, 1966: March 30; April 1, 5, 9, 16, 23, 30; May 5, 14, 16, 19, 23, 28; June 6, 13, 20, 27; July 7, 11, 1966.

that on March 30, 1966, the date of the accident, they had sustained injuries of sufficient degree to allow recovery of substantial prospective damages.

The ultimate question is whether the material and documents in the record show the existence of a triable fact issue. Where, therefore, as here, the issue claimed to exist is not genuine, but feigned, and there is in truth nothing to be tried, summary judgment was properly granted. Moreover, in our view of the case, the plaintiffs have not met the burden of demonstrating an exception to the usual running of the statute.

The judgment appealed from is correct; accordingly, it must be and is affirmed.

There is no error.

In this opinion WISE and DEARINGTON, Js., concurred.