[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN AND MOTION TO REARGUE
The plaintiff, Merrill Carr, has filed a motion to reargue and a motion to reopen a judgment dismissing his appeal from a decision of the Somers Zoning Board of Appeals (hereinafter "Board") for lack of subject matter jurisdiction on July 3, 1991. The court dismissed the appeal on the ground that the "plaintiff failed to either file or serve the appeal within fifteen days of the date of notice of the Board's decision." (Memorandum of Decision, p. 5.) The plaintiff served the defendants seventeen days after publication of notice of the Board's decision. (Memorandum of Decision, p. 1.)
The plaintiff has moved to reopen and reargue on the ground that the legislature's amendment of General Statutes Section 8-8 to add subsections (p) and (q) in 1989 requires a liberal interpretation of the appeal procedure. The plaintiff argues that "[t]he courts [sic] dismissal of this action without the issue [of timeliness] being raised by either party by motion, brief or oral argument clearly constitutes a surprise to both parties to the appeal" pursuant to General Statutes Section 8-8 (p). (Plaintiff's Memorandum in Support of Motion to Reargue and Reopen, p. 3.) The plaintiff further argues that this appeal "clearly failed to be heard on its' [sic] merits because of insufficient service" pursuant to General Statutes Section 8-8 (q). (Plaintiff's Memorandum, p. 4.) The plaintiff urges that the court reopen the judgment and issue a decision on the merits of the appeal because "[b]oth parties would benefit by having the case resolved on CT Page 10528 its merits." (Plaintiff's Memorandum, p. 3.)
Section 8-8 (p) provides, in pertinent part,
 [t]he right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice.
Section 8-8 (q) provides, in pertinent part,
 [i]f any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. (Emphasis added.)
The plaintiff argues that when the legislature amended section 8-8 to add subsections (p) and (q) in 1989, it intended that appeals such as the plaintiff's be heard on their merits. However, it is submitted that to interpret sections 8-8 (p) and 8-8 (q) to "save" any appeal which has not been served within fifteen days would render section 8-8 (b) (Rev. to 1989) meaningless. Section 8-8 (b) (Rev. to 1989), which was in effect at the time of the appeal to the Board and which governs this appeal, provides that any person aggrieved by any decision of a board "may take an appeal to the superior court . . . within fifteen days from the date that notice of the decision was published. . . ." A failure to take an appeal within the statutory time limit goes to subject matter jurisdiction; see Cardoza v. Zoning Commission, 211 Conn. 78, 81-82, 557 A.2d 545 (1989); and a lack of subject matter jurisdiction cannot be waived. Monroe v. Monroe,177 Conn. 173, 177, 413 A.2d 819 (1979), appeal dismissed, 444 U.S. 801,100 S.Ct. 20, 62 L.Ed.2d 14 (1979).
Two recent superior court decisions have discussed the amendment to General Statutes Section 8-8 to add subsection (p) in 1989. In both cases, the court indicated that the purpose of section 8-8 (p) is not to save late appeals.
In Orange Mall Shopping Center Company Limited Partnership v. Town Planning and Zoning Commission of Town of Orange,1 Conn. L. Rptr. 303, 305-6 (February 23, 1990, Fuller, J.), the court stated,
[l]egislative intent to limit the right to appeal CT Page 10529 to persons who appeal within the fifteen day time limit is apparent from section 8-8. . . . Section 8-8 (p), effective October 1, 1989 does not allow late appeals or intervention. . . . This amendment followed a series of cases concerning necessary parties to zoning appeals, form of citation and persons to be served with the appeal commencing with Simko v. Zoning Board of Appeals, 205 Conn. 413, 420 [1987], affirmed 206 Conn. 374, 382 [1988], and must be viewed in that context. The purpose is to avoid throwing out land use appeals on procedural technicalities. While the exact scope and effect of this amendment is uncertain, it does not create the right of a buyer of property to bring an appeal two years late by intervening in someone else's appeal. If Orange Mall had appealed after the fifteen day time limit, for example, there is nothing to suggest that this statutory change would save the appeal. There is also nothing in the amendment suggesting that Westfield should be placed in a better position, or indicating legislative intent to allow aggrievement to be determined based upon he status of a party except within the fifteen day appeal period . . . since the statute still expressly requires appeals to be taken within fifteen days after publication of the agency's decision.
Id. (Citation omitted). In Duggan v. Derby Zoning Board of Appeals,2 Conn. L. Rptr. 565, 566 (October 4, 1980, Fuller, J.), the court stated, "If . . . [sections 8-8 (p) and 8-8 (q)] do not apply to salvage an appeal for the type of defect here, namely where a bond was filed but its content is defective, and the defect does not go to subject matter jurisdiction, it is difficult to see when these provisions would apply." Id. (Emphasis added.) It is submitted that sections 8-8 (p) and8-8 (q) were not intended to "save" appeals such as the plaintiff's, which were filed after the fifteen day appeal period provided in section 8-8 (b), and over which the court lacks subject matter jurisdiction.
The plaintiff's "surprise" that the court found that it lacked subject matter jurisdiction because of his failure to have the appeal timely served, merely because neither party raised the issue and both parties expected a decision on the merits, is not a sufficient reason for the court to reopen its judgment. The plaintiff appealed to this court pursuant to section 8-8; the plaintiff is therefore charged with knowledge of the time limitation of section 8-8 (b). The plaintiff cannot obtain relief pursuant to section 8-8 (p) by claiming "surprise" that the court noticed his failure to comply with the procedural requirement of section 8-8 (b). The court cannot ignore a lack of CT Page 10530 subject matter jurisdiction merely because the parties never raised the issue. See Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989); Masone v. Zoning Board, 148 Conn. 551, 554, 172 A.2d 891 (1961).
The plaintiff claims that because the fifteenth day of the appeal period was a Saturday, a day when the town offices are not open for business, he had until Monday, the next business day, to serve the defendants.
General Statutes Section 8-8 (e) (Rev. to 1989), provides in part,
 [s]ervice of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality.
Section 8-8 (f) (Rev. to 1989) provides, in part, that "failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal."
Pursuant to section 8-8 (f), the plaintiff's failure to serve the town clerk within the fifteen day period did not deprive the court of jurisdiction. However, the plaintiff also failed to serve the chairman of the Board within the fifteen day period. The sheriff's return reflects that the chairman of the Board, John Torres, was served at his abode on Monday, January 8, 1990, and the town clerk was served in hand on the same date.
In Atkins v. Bridgeport Hydraulic Co, 5 Conn. App. 643, 646,501 A.2d 1223 (1985), the plaintiff served an appeal pursuant to General Statutes Section 4-183 one day too late. The court stated,
 [w]here the last day to appeal fell on Sunday, as was the case here, service of process on the following day did not satisfy the statutory requirements. Souza v. Great Atlantic Pacific Tea Co., 25 Conn. Sup. 174, 176, 199 A.2d 170
([Super. Ct.] 1964). Furthermore, restrictions on the service of process on Sundays were abolished upon the repealing of General Statutes Section 52-71 by Public Acts 1976, No. 76-415, Section 9.
Id.; see Hanson v. Department of Income Maintenance, 10 Conn. App. 14,17-18, 521 A.2d 208 (1987); Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 5, 363 A.2d 1386 (1975). The court in Norwich Land Co. stated, CT Page 10531
 [t]he secretary of the commission could have been served on Saturday. Furthermore, the plaintiff had the option of delivering the process within the time limited to an officer authorized to serve it, as provided in Section 52-593a of the General Statutes. The plaintiff did neither. Actually, the process is not dated until the Monday following the terminal date of the appeal period.
Norwich Land Co., supra. The plaintiff here, as in Norwich Land Co., supra, could have served the chairman of the Board at his abode on Saturday. The plaintiff has provided this court with no evidence that process was delivered to the sheriff prior to the expiration of the fifteen day period. See General Statutes Section 52-593a. Rather, as in Norwich Land Co., the appeal papers are all dated January 8, 1990, the Monday following the terminal date of the appeal period and the date on which the papers were actually served. (See Citation, Appeal, Bond, Sheriff's Return.) The fact that the town clerk's office is closed on the weekend is irrelevant, since the clerk may be served after the fifteen day period pursuant to section 8-8 (f). The plaintiff has offered no evidence which would support a finding that this appeal failed to be heard on its merits for any of the reasons provided in section 8-8 (q).
The reasons cited by the plaintiff in support of his motion to reopen are insufficient to reopen the judgment. Sections 8-8 (p) and8-8 (q) were not intended to "save" late appeals or remedy a lack of subject matter jurisdiction. To open the judgment and determine the merits of this case for the reasons stated would render the statutory appeal period provided in section 8-8 (b) meaningless. "Once a judgment has been rendered it is to be considered final and it `should be left undisturbed by post-trial motions except for a good and compelling reason.'" TLC Development, Inc. v. Planning Zoning Commission,215 Conn. 527, 533, 577 A.2d 288 (1990), quoting Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 713, 461 A.2d 1037 (1983). The plaintiff has not provided such a reason. Thus, while the motion to reargue should be granted, the motion to reopen should be denied.
DUNN, JUDGE