[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover damages from officers of a dissolved corporation relying on the theory of piercing the corporate veil. The plaintiff and the corporation, J. E. L. Inc. entered into a contract for the construction of a house for the plaintiff in 1984. The plaintiff purchased the property on April 18, 1985 and received a warranty deed from the corporation. The plaintiff later brought an action against the corporation for defective construction of the house and recovered a judgment against it on February 5, 1991 for $25,757. The attachment against J.E.L. Inc was uncollectable since the corporation was insolvent and was later dissolved. The defendants in this action are the former president and treasurer, John E. Lockshier, and the vice-president and secretary Carrol A. Lockshier.
The defendants claim that they have no liability for the debts of the corporation or the plaintiff's judgment against it, and that this action is barred against the defendants because it was not brought within the period of the statute of limitations.
At the trial of this case the plaintiff failed to offer evidence in support of his claims, although he submitted some documents attached to a brief which was filed at the time of trial. The defendants' attorney briefly called the plaintiff as a witness, and the plaintiff conceded that the defects in the house were discovered shortly after April 18, 1985 and that the defendants in this action were not defendants in the original action against J.E.L. Inc. The plaintiff claims that the defendants as directors and officers are responsible for the debts of the corporation and for the judgment against it for defective construction of the plaintiff's house, relying on both the identity rule and the instrumentality rule of the doctrine of piercing the corporate veil.
The purpose of a corporation is, in part, to shield the individuals who operate it from personal liability, and persons dealing with the corporation must look to it rather than its officers and directors to satisfy claims against the corporation. The doctrine of piercing the corporate veil is rarely successful. The plaintiff has the burden of proof on a claim of piercing the corporate veil. Campisano v. Nardi,212 Conn. 282, 293. The concept is equitable in nature, and the corporate shield against liability of officers, directors and shareholders may be disregarded under either the instrumentality or identity rules. Falcone v. Night Watchman, Inc., 11 Conn. App. 218, CT Page 5388 220. The identity rule applies where the plaintiff proves that there was such a unity of interest in ownership that the independence of the corporation had in effect ceased or had never begun, and allowing a separate identity is inequitable for an economic entity to escape liability arising out of the operation conducted by one corporation for the benefit of the whole enterprise. Id, 221; Zaist v. Olson, 154 Conn. 563, 576. The rule may be used in an appropriate case to hold an individual liable. Saphir v. Neustadt, 177 Conn. 191, 209, 210; Zaist v. Olson, supra, 575.
The instrumentality rule imposes individual liability for corporate actions upon a shareholder, director or officer of a corporate entity that is, in economic reality, the instrumentality of the individual. Campisano v. Nardi, supra, 291; Angelo Tomasso Inc. v. Armor Construction Paving, Inc.,187 Conn. 544, 552-53. The instrumentality rule requires, in any case except an express agency, proof of three elements: (1) control, not merely majority or complete stock control, but a complete domination, not only of finances but of policy and business practices in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in controvention of plaintiff's legal rights; and (3) that the control and breach of duty must proximately cause the injury or unjust loss complained of. Id, 553.
Both rules require proof of the essential elements. The plaintiff did not sustain his burden of proof of a violation of either the identity or instrumentality rules sufficient to pierce the corporate veil. The fact that Jack Lockshier was the individual who dealt with the plaintiff on behalf of the corporation in constructing the house is insufficient to impose liability upon him for breach of contract or negligence of the corporation.
In a proper case an officer or employee of a corporation performing a construction contract may be liable for his individual negligence. Scribner v. O'Brien, Inc., 169 Conn. 389,404. However, the plaintiff did not offer evidence in this case of any negligent acts of Jack Lockshier in constructing the house on the plaintiff's property prior to April 18, 1985 when CT Page 5389 the plaintiff purchased the property. Moreover, any claim by the plaintiff would be barred by the statute of limitations. The contract for construction of the house was with the corporation, not Lockshier individually. The applicable statute of limitations is 52-584 of the General Statutes, which requires an action to recover damages for injury to real property caused by negligence to be brought within two years from the date when the injury is first sustained or discovered or should have been discovered, and with the further limitation that no action can be brought more than three years from the date of the act or omission complained of. The statute of limitations for an action against the defendants ran in 1987, or at the latest in 1988. This action was not started until 1991 and is barred by 52-584 of the General Statutes.
Judgment may enter for the defendants on all counts of the complaint.
ROBERT A. FULLER, JUDGE