[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On December 11, 1992, the plaintiff, the Commission on Human Rights and Opportunities [CHRO], filed a "petition to enforce an order of a presiding officer of the CHRO," against the defendants, Travel and Tour Services [Travel and Tour] and William Kenney. The CHRO seeks to enforce a judgment, rendered by the CHRO on June 27, 1989, against Travel and Tour. The underlying judgment against Travel and Tour was based on a finding that Travel and Tour had discriminated against an employee, John Doe, based on a perceived disability. Doe has intervened as a plaintiff in the present action. CT Page 7413
In its complaint, the CHRO alleges that it demanded payment from Travel and Tour and that, to date, the order of the presiding officer of the CHRO has not been complied with and the original complainant, Doe, has not received payment as ordered by the CHRO. The CHRO also alleges that Travel and Tour was actually a sole proprietorship owned and operated by Kenney. The CHRO alleges further that Travel and Tour was Kenney's "alter ego" because Kenney's financial situation was intimately connected with that of Travel and Tour in that there was such a unity of interest and ownership that the independence of Travel and Tour never existed separate and apart from Kenney. The CHRO asserts that, consequently, Kenney should be held personally liable for the judgment against Travel and Tour.
On March 23, 1993, Kenney filed an answer and three special defenses, one of which raised the issue of the statute of limitations. On February 16, 1994, Kenney filed a motion for "partial summary judgment" on the complaint; this motion was accompanied by a supporting memorandum, an affidavit and various documents. Kenney argues that summary judgment should be granted because the pleadings and other proof submitted establish that this action is time barred by General Statutes §§ 52-577 and 52-584, the applicable statutes of limitations. Kenney further argues that there remains no genuine issue of material fact as to whether he is an alter ego of Travel and Tour. Doe filed a memorandum in opposition, along with various documents, dated March 24, 1994. Both parties submitted supplemental memoranda and Doe filed a supplemental affidavit.
Summary judgment is a method of "resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; see Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 592 (1991). Summary judgment "is . . . apt to be ill adapted to cases of a complex nature or those involving important public issues, which often need the full exploration of trial." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596
(1969). "`It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of CT Page 7414 motive, intent, and subjective feelings and reactions.'"Batick v. Seymour, 186 Conn. 632, 646-47, 443 A.2d 471 (1982), quoting United Oil Co. v. Urban Redevelopment Commission, supra, 376; see Nolan v. Borkowski, 206 Conn. 495, 505,538 A.2d 1031 (1988). The issue of whether an action is barred by the statute of limitations is a question of law and is therefore also proper for summary judgment determination.Souza v. Great Atlantic Pacific Tea Co., 25 Conn. Sup. 174,199 A.2d 170 (Super.Ct.), appeal dismissed, 152 Conn. 727,203 A.2d 674 (1964).
In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. See Batick v. Seymour, supra, 186 Conn. 647; United Oil Co. v.Urban Redevelopment Commission, supra, 158 Conn. 380. "In Connecticut, a directed verdict maybe rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed."United Oil Co. v. Urban Redevelopment Commission, supra,158 Conn. 380; Vuono v. Eldred, 155 Conn. 704,705, 236 A.2d 470 (1968).
Kenney argues that the plaintiffs' attempt to pierce the corporate veil in the present action is barred by the applicable statutes of limitations governing torts, General Statutes §§ 52-577 and 52-584. General Statutes § 52-577 states that "[n]o action rounded upon a tort shall be brought but within three years from the date of the act or omission complained of." Kenney argues that, because the alleged discrimination occurred in June of 1985, this action is time barred by General Statutes § 52-577. Kenney relies on St. Cyrv. Lockshier, 8 CSCR 722 (June 1, 1993, Fuller, J.), to support his argument that an attempt to pierce the corporate veil is tied to the underlying tort. Kenney also argues that the CHRO cannot seek to enforce the judgment obtained in the administrative proceeding when he was not named as a respondent in that forum. Kenney cites Commissioner ofEnvironmental Protection v. Connecticut Bldg. Wrecking Co.,227 Conn. 175, 629 A.2d 1116 (1993) [Connecticut Bldg.Wrecking], to support this argument.
In opposition to Kenney's motion for summary judgment, Doe argues that the present action is not a tort action but, CT Page 7415 instead, is an action to enforce a judgment against Travel and Tour by piercing the corporate veil. Doe claims that the appropriate statute of limitations in the present case is set forth in General Statutes § 52-598. Doe argues, relying on an opinion of the Court of Appeals for the Second Circuit, that an attempt to pierce the corporate veil in order to enforce a judgment is governed by General Statutes § 52-598. SeePassalagua Builders, Inc. v. Resnick Dev. South, Inc.,933 F.2d 131, 142 (2d Cir. 1991).
With regard to judgment enforcement actions, General Statutes § 52-598 provides:
 (a) No execution to enforce a judgment for money damages rendered in any court of this state may be issued after the expiration of twenty years from the date the judgment was entered and no action based upon such a judgment may be instituted after the expiration of twenty-five years from the date the judgment was entered.
In Passalagua, the court held that a veil piercing claim to enforce a judgment was not barred by the tort statute of limitations. See Passalagua Builders, Inc. v. Resnick Dev.South, Inc., supra, 933 F.2d 131. The court stated that "if the plaintiffs in this case can prove the defendants are in fact the alter ego of Developers, defendants' jurisdictional objection evaporates because the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the alter egos are treated as one entity." Id., 142-43. The court went on to state that "assuming . . . there was personal jurisdiction over the alter ego defendants . . . [the trial court] correctly refused to bar plaintiffs' claims on statute of limitations grounds." Id., 143; see Matter of Holborn Oil Trading Interpetrol Bermuda,774 F. Sup. 840 (S.D.N.Y. 1991).
Doe is seeking to impose liability upon Kenney by showing that, as the alter ego of Travel and Tour, Kenney was, in essence, a party to the original action. See PassalaguaBuilders, Inc. v. Resnick Dev. South, Inc., supra, 933 F.2d 142-43. The court finds that Doe's attempt to pierce the corporate veil to collect on the judgment rendered against CT Page 7416 Travel and Tour is governed by the twenty year statute of limitations for enforcing judgments.
As noted above, Kenney also relies on Connecticut Bldg.Wrecking to support his argument that this action cannot be maintained against him. In Connecticut Bldg. Wrecking, supra,227 Conn. 175, three cases had been consolidated for trial and the trial court rendered judgment against each of the defendants. The trial court had held two defendants in one action liable for a judgment against a corporate defendant in another of the consolidated actions. Id., 180. The Supreme Court reversed the trial court, holding that "consolidation does not authorize the trial court to render a judgment against persons who are non-parties and upon whom process was not served." Id., 197. In Connecticut Bldg. Wrecking, the trial court had sought to impose a judgment against non-party defendants. Connecticut Bldg. Wrecking is distinguishable from the present case because, in the present case, the plaintiffs seek to have a judgment rendered in an earlier proceeding enforced against Kenney, who is, unlike two of the defendants in Connecticut Bldg. Wrecking, a party to this action.
Having found that the twenty year statute of limitations is applicable, the issue before the court becomes whether there remains a genuine issue of material fact as to whether Kenney was the alter ego of Travel and Tour. Kenney has offered copies of several of his personal checks and other documents as evidence that Travel and Tour was not a sole proprietorship. Doe argues in opposition that these documents show that there is a genuine issue of material fact as to whether Kenney is an alter ego of Travel and Tour because of the varying payees and endorsers listed on the personal checks Kenney submitted. Doe also points out that Kenney's individual petition for Chapter 7 bankruptcy lists Travel and Tour as one of the names under which Kenney has done business.
The court in Tomasso v. Armor Construction Paving,Inc., 187 Conn. 544, 447 A.2d 406 (1982), stated that the "issue of whether the corporate veil is pierced presents a question of fact." Id., 561. The court went on to state that "[t]he circumstances which have been considered significant in an action to disregard the corporate entity have rarely been articulated with any clarity. . . . Therefore, each case in which the issue is raised should be regarded as sui generis, CT Page 7417 to be decided in accordance with its own underlying facts." Id., 556 n. 7. As noted above, summary judgment is apt to be ill adapted to cases of a complex nature and is inappropriate where the inferences which the parties seek to have drawn deal with "questions of motive, intent, and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, supra, 158 Conn. 375. A cause of action seeking to pierce the corporate veil is complex and may, involve questions of motive and intent. See State v. McGriff, superior court, judicial district of Hartford/New Britain at Hartford, Docket No. 349847 (March 1, 1991, O'Neill, J.) (denial of motion for summary judgment on veil piercing claim). Accordingly, the court denies Kenney's motion for summary judgment as to the complaint.